UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI, an Individual

    Plaintiff,

v.

EL VALLE BBQ, INC., a Florida Corporation,
and LER INVESTMENT CORP., a Florida Corporation

    Defendant.

_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, EL VALLE BBQ, INC., a Florida Corporation and LER INVESTMENT CORP., a Florida Corporation (hereinafter "Defendants"), and as grounds allege:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing

and domiciled in Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, LER INVESTMENT CORP., was and is a Florida Corporation, with its principal place of business in Miami-Dade County, Florida with its principal place of business, agents and/or offices in Miami, Florida.

6. At all times material, Defendant, EL VALLE BBQ, INC., was and is a Florida Corporation, with a principal place of business in Miami-Dade County, Florida with agents and/or offices in Hialeah Gardens, Florida.

7. At all times material, Defendant, LER INVESTMENT CORP., owned and operated a shopping plaza located at 8100 NW 103rd Street, Hialeah Gardens, Florida 33016 (hereinafter the "plaza property") in Miami-Dade County, Florida.

8. At all times material, Defendant, EL VALLE BBQ, INC., owns and operates and/or owned and operated a restaurant located at 8108 NW 103rd Street, Hialeah Gardens, Florida 33016 (hereinafter the "restaurant property").

9. Venue is properly located in the Southern District of Florida because Defendant's properties are located in Miami-Dade County, Florida, and Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Hialeah Gardens, Florida.

FACTUAL ALLEGATIONS

10. Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and

requires landlords and tenants to be liable for compliance

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendant, LER INVESTMENT, CORP., operates and/or oversees the plaza property with various stores, a general parking lot and parking spots specific to the restaurant the Co-Defendants and owns the property in Hialeah Gardens, Florida that is the subject of this Action. The subject plaza property and restaurants are open to the public and are located in Hialeah Gardens, Florida. The individual Plaintiff visits the plaza property and restaurants regularly, to include a visit to the property on or about February 18th, 2016 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the plaza property and restaurant property, in order to avail himself of the goods and services offered to the public at the business, if the property/business becomes accessible.

15. Defendants, LER INVESTMENT, CORP. and EL VALLE BBQ, INC., operate and/or oversee the plaza property, restaurant property and businesses in Hialeah Gardens, Florida that are also the subject of this Action. The subject two (2) properties (the plaza property and restaurant property) are open to the public and are located in Hialeah Gardens, Florida. The individual Plaintiff visits these two (2) properties regularly, to include a visit to the properties on or about February 18th, 2016 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to the restaurant and plaza properties in order to avail himself of the goods and services offered to the public at the businesses, if the properties/businesses become accessible.

16. Plaintiff visited the plaza property and restaurant properties as a restaurant patron/customer,

regularly visits the restaurant and shopping plaza properties as a patron/customer, and intends to return to the properties in order to avail himself of the goods and services offered to the public at the property. Plaintiff is domiciled near the businesses and in the same county and state as the properties, has regularly frequented the Defendant's Hialeah Gardens restaurant and plaza location for pleasure purposes, and intends to return to the property within four (4) months' time.

17. The Plaintiff found the plaza property and restaurant property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject properties (the plaza property and restaurant property), and wishes to continue his patronage and use of each of the premises.

18. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in Violation of the ADA, at the subject plaza property and restaurant property. The barriers to access at Defendants' properties have each denied or diminished Plaintiff's ability to visit each of the properties and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

19. Defendants own, and operate, places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation (the business properties that are the subject of this Action for their violations of the ADA) that Defendants, LER INVESTMENT, CORP. and EL VALLE BBQ, INC., own and operate, are the businesses located respectively at 8100 NW 103rd Street, Hialeah Gardens, Florida 33016 and 8108 NW 103rd Street, Hialeah Gardens, Florida 33016.

20. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described plaza property and restaurant property, but not necessarily limited to the allegations in Paragraph 22 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the plaza property and restaurant properties in violation of the ADA. Plaintiff desires

to visit the properties, not only to avail himself of the goods and services available at the property but to assure himself that these properties are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

21. Defendants have discriminated against the individual Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the shopping plaza property and restaurant properties, as prohibited by 42 U.S.C. § 12182 et seq.

22. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the properties and Defendants' businesses, include, but are not limited to, the following:

### A. Parking

1) The Plaintiff had difficulty exiting the vehicle as the designated parking space access aisles was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

2) The Plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

### B. Entrance Access and Path of Travel

1) The Plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

### C. Access to Goods and Services

1) The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### D. **Public Restrooms**

1) There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

2) The Plaintiff had difficulty using the restroom door without assistance as the door hardware required tight grasping and twisting of the wrist to operate. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

3) The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

4) The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

5) The Plaintiff could not use the paper towel dispenser without assistance, as it was mounted too high. Violation: There are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

6) The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, whose resolution is readily achievable.

7) The Plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

8) The Plaintiff could not transfer to the toilet in the accessible toilet compartment without assistance, as the rear grab bar was missing and the side grab bar was not the required length. Violation: Compliant grab bars are not provided in the accessible toilet compartment in violation of Section 4.17.6 and Figure 30 of the ADAAG, whose resolution is readily achievable.

9) The Plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location in the accessible toilet compartment. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG, whose resolution is readily achievable.

10) The Plaintiff had difficulty using the toilet without assistance as the seat was mounted too low from the floor. Violation: The water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG, whose resolution is readily achievable.

23. The discriminatory violations described in Paragraph 22 are not an exclusive list of

the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the plaza property and restaurant properties; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

24. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the properties where they operate their businesses, that are located at 8100 NW 103rd Street, Hialeah Gardens, Florida 33016 and 8108 NW 103rd Street, Hialeah Gardens, Florida 33016, the interiors, exterior areas, and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with

disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 2nd, 2016

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court, No. 3
Miami, FL 33155
Telephone:   (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mails: ajperelaw@gmail.com, agarciamenocal@gmplaw.com and agmlaw@bellsouth.net

By:   /s/ Anthony J. Perez
ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610