UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-21550-ALTONAGA/O'Sullivan

DOUG LONGHINI, an individual,

                     Plaintiff,

vs.

EL VALLE BBQ, INC. a Florida Corporation
and LER INVESTMENT CORP., a Florida
Corporation,

                     Defendants.
_____/

**SETTLEMENT AGREEMENT AND RELEASE**

    **IT IS HEREBY** stipulated and agreed by and between Plaintiff, DOUG LONGHINI ("**Plaintiff**"), and Defendants, EL VALLE BBQ, INC. ("**El Valle**") and LER INVESTMENT CORP. ("**LER**") (collectively, "**Defendants**"), in this Settlement Agreement and Release (the "**Agreement**") as follows:

    **WHEREAS,** LER is the owner in fee simple of real property situated in Miami-Dade County, Florida, more particularly described as 8100 and 8200 N.W. 103rd Street, Hialeah Gardens, Florida 33016, folio nos. 27-3003-001-0105 and 27-3003-001-0117 (the "**Property**");

    **WHEREAS,** El Valle is a tenant on the Property, occupying a portion of the commercial retail space thereon;

    **WHEREAS,** Plaintiff brought this action against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182, et seq. ("**ADA**"), **in connection with the conditions of the Property,** pursuant to which action Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses and costs;

WHEREAS, the parties, desirous of avoiding further expense, time, effort, and the uncertainty attending litigation, have agreed to settlement of the above-styled action and seek to memorialize the terms thereof in writing;

WHEREAS, by settling this action or otherwise making this Agreement, Defendants do not admit, and expressly deny that there was any violation of any federal, state, or local statute or enactment (including, but not limited to, the ADA), or any other wrongdoing or liability whatsoever;

NOW, THEREFORE, in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

1. **Modifications.** Defendants shall cause modifications to be made to the Property sufficient to address, correct, and eliminate the conditions identified in the Plaintiff's Expert's Report prepared by Pablo Baez as violative of the ADA and otherwise giving rise to liability within three (3) years of the date of this Agreement's execution (the "**Modifications**"). Attached hereto as Exhibit "A" and incorporated herein is the report of Pablo Baez. The Modifications called for by this Agreement are the full and exclusive scope of corrections and alterations to be made to the Property. Plaintiff will not hereafter assert or claim that Defendants are required to make any additional or different modification to the exterior, interior, common, or parking elements of the Property and expressly, knowingly, and voluntarily waives any and all such rights, entitlements, and claims.

2. **Completion.** If the Modifications are not timely completed due to acts of God, the actions or inactions of third parties, or reasons beyond Defendants' control Defendants

(including, but not limited to inability to obtain building or zoning permits, failure of city/county inspectors to make inspections, contractor defaults, or work stoppages), then Defendants shall be allowed additional time in which to complete the Modifications and shall not be deemed to be in violation of the completion date. In such case, Defendants or Defendants' counsel shall provide written notice to Plaintiff's counsel of the delay, the reasons therefor, the anticipated date of completion, and shall otherwise make a good-faith effort to effect implementation as soon as reasonably possible thereafter.

Upon completion, Defendants shall provide notice thereof to Plaintiff via their respective counsel. Thereafter, Plaintiff, his counsel, and the expert identified in Exhibit A hereto, shall have twenty (20) days to inspect the public areas of the Property to verify the Modifications have been completed in accordance with ADA guidelines, as referenced and identified by Exhibit A. Notice of the intent to inspect shall be furnished in writing no less than seven (7) business days prior to the intended inspection. Failure to timely inspect shall constitute a waiver of all claims that Plaintiff may or shall have against Defendants arising from or pertaining to this Agreement, the allegations raised in this lawsuit, or the purported violations of the ADA.

If Plaintiff determines that any Modification has not been made or properly made, notice thereof shall be furnished in writing to Defendants' counsel within ten (10) days of discovering said failure, whereupon the parties shall, within twenty (20) days thereafter, meet to address and seek to agree to a plan for resolution and/or correction. In the event that no agreement is reached, the parties shall proceed to mediation within ninety (90) days, with each party to bear an equal share of the expenses of such mediation.

3. **Release.** In exchange for the good and valuable consideration set forth herein, the sufficiency of which is hereby acknowledged, the parties, including parent companies,

subsidiaries, directors, officers, employees, agents, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively, the "**Releasing Parties**") hereby mutually release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facilities, businesses and the Property identified in this Agreement only and, along with any and all of their predecessors, parent companies, subsidiaries, directors, officers, agents, employees, assigns, heirs, officers, directors, shareholders, members, and any entity or person related to them, jointly and severally, (the "**Released Parties**") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property and this subject litigation arising under Title III of the ADA (and its Florida counterpart), including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or costs, with the exception of the attorneys' fees and costs required to be paid by the Defendants pursuant to paragraph 5 of this Agreement.

      4. **References.**  All references to the ADAAG shall be to "Appendix A" to 28 C.F.R. part 36 (the "**ADAAG**").  For any Modification agreed to herein, the Parties acknowledge that a particular architectural element's compliance with the standards set forth in the 2010 ADA Standards and/or as agreed upon above as a readily achievable solution, will constitute an acceptable equivalent facilitation to the corresponding ADA standards otherwise required by this Agreement.  The completion of the Modifications pursuant to the 2010 ADA Standards and/or as agreed upon above as a readily achievable solution shall be considered full compliance with the ADA.  All dimensions of applicable Modifications are also subject to conventional building industry tolerances for field conditions.

5. **Attorneys' Fees, Costs, Expenses, and all other Amount due by the Defendants.** Defendants shall pay the total sum of SIXTEEN THOUSAND DOLLARS ($16,000.00), which shall be paid to Plaintiff's counsel on or before August 31, 2016. This amount is in full satisfaction of all of Plaintiff's attorneys' fees, court costs and related expenses, as well as reimbursement of all expert witness fees, costs, and expenses. Payment to Plaintiff's counsel shall be made, as follows:

LER shall pay TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00); and

EL VALLE BBQ, INC. shall pay SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00). The foregoing amounts shall be delivered and payable to Garcia-Menocal & Perez, P.L., Attn: Anthony J. Perez, 4937 SW 74th Court, No. 3, Miami, Florida 33155.

6. **Confidentiality.** The parties warrant that all the provisions of this Agreement will remain in strict confidence, except where disclosure is required by applicable law, court order, to make the Modifications, to any purchaser or lessee of the Property, or subpoena compelling disclosure. The parties agree to refrain from making any statements about the above styled action, the allegations contained therein, or this Agreement except as to any settlement proceedings in this Action, except for any efforts to enforce the Settlement Agreement.

7. **Invalidation.** If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

8. **Drafting.** The parties acknowledge that the parties were all able to draft, review, and revise this Agreement and that the normal rule of construction to the effect that any

ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in this Agreement's interpretation or enforcement.

9. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Agreement must be in writing, executed by the Parties hereto, and, if applicable, submitted to and approved by the Court. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective agents, servants, and employees to the extent authorized by law.

10. **Non-Admission of Liability.** Neither this Agreement nor anything contained herein shall constitute or is to be construed by any of the parties hereto, the Released Parties, or any officials, contractors or agents of any of the parties, as an admission or acknowledgement of any violation of any federal, state or local statute or enactment, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. Defendants expressly deny any and all such liability. The parties acknowledge that this Agreement has been entered into by the parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

11. **Dismissal.** Upon receipt of the all settlement monies/payments due to Plaintiff and Plaintiff's counsel pursuant to this Agreement, Plaintiff shall file a Joint Motion for Dismissal with Prejudice dismissing Defendants from this suit and terminating this lawsuit. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law. Any lawsuit or proceeding arising out of or resulting from of a breach of this Agreement or to otherwise enforce its terms shall be brought solely and exclusively in the United States District Court, Southern District of Florida.

13. **Tax Credits.** Defendants acknowledge that may they be entitled to Disabled Access Tax Credits and/or deductions under Sections 38, 44, and 46 of the Internal Revenue Code, for the architectural modifications and barrier removal performed pursuant to this Agreement.

14. **Counterparts.** The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

IN WITNESS WHEREOF, the parties hereto execute this Agreement.

By: _____   Date: 8/22/16
DOUG LONGHINI

LER INVESTMENT CORP.

By: Maria Maspons   Date: 8/15/16

Signature: _____
Its: President

**EL VALLE BBQ, INC.**

By: _Marcel Gamez_  Date: _08/22/16_

Signature: _[signature]_

Its: _Manager_